UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | *CRIMINAL NO. 6:07CR60037-01 |
|---|---|
| VERSUS | *JUDGE WALTER |
| ARTHUR BASALDUA | * MAGISTRATE JUDGE HILL |

<u>MEMORANDUM ORDER</u>

Currently before court is the Motion for Transcripts filed by Arthur Basaldua ("Basaldua"). [rec. doc. 466]. By this Motion, Basaldua seeks free copies of his plea and sentencing transcripts to assist him in connection with his Motion to Vacate pursuant to 28 U.S.C. § 2255. The Motion was referred to the undersigned for disposition. [rec. doc. 471].

Basaldua argues that the transcripts are necessary for him to demonstrate that defense counsel was ineffective at his plea and sentencing hearing because counsel failed to call two government witnesses who allegedly would have provided favorable testimony against the imposition of a sentencing enhancement based on obstruction of justice. He further argues that he "wishes not to commit perjury when litigating his present claims." [rec. doc. 466].

At the time Balsaldua filed the instant Motion, Basaldua also filed his § 2255 Motion in which he asserts his ineffective assistance of counsel claim [rec. doc. 468], as well as a Notice of Intent to Amend his Motion "upon completion of adequate investigation when I receive pleas and sentencing transcripts to identify all available

claims." [rec. doc. 467]. In support of his Motion to Vacate, Basaldua submits the affidavit of Man Tran (one of the government witnesses who allegedly will provide favorable testimony), in which Tran declares that "I have never felt threatened, nor have I ever been threatened in any form or fashion by Arthur Basaldua." [rec. doc. 468, pg. 15].

An indigent defendant has no constitutional right to acquire a free copy of his transcript or other court records for use in a collateral proceeding. *See United States v. MacCollom*, 426 U.S. 317, 325-26, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *United States v. Peralta-Ramirez*, 266 Fed. Appx. 360 (5th Cir. 2/20/08). To obtain a transcript at government expense, the movant must satisfy 28 U.S.C. § 753(f). *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.1985); *United States v. Davis*, 369 Fed. Appx. 546 (5th Cir. 3/9/10).

Section 753(f) "provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue." *United States v. MacCollom*, 426 U.S. 317, 320-21, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (internal quotation marks omitted); *Davis, supra*. The movant therefore must "bring to [the court's] attention any facts that might require a close examination of the trial transcript" to demonstrate that the transcript is necessary for the proper disposition of his claims. *Harvey*, 754 F.2d at 571; *Davis, supra.*; *United States v. Watson*, 61 Fed. Appx. 919 (5th Cir. 2/19/03).

In this case, the court cannot certify that Basaldua's claim is not frivolous or that the requested transcripts are needed for proper disposition of the claim. Complaints of uncalled witnesses are not favored in federal *habeas corpus* review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of the content of a prospective witness' testimony are largely speculative. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) *citing Lockhart v. McCotter,* 782 F.2d 1275, 1282 (5th Cir. 1986), *Marler v. Blackburn,* 777 F.2d 1007, 1010 (5th Cir. 1985), *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir. 1984), *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983) and *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978); *Evans v. Cockrell*, 285 F.3d 370, 377(5th Cir. 2002). "[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court cannot even begin to apply *Strickland* 's standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance." *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Moreover, where the only evidence of a missing witness's testimony is from the defendant, courts view such claims with great caution. *Sayre,* 238 F.3d at 636 *citing Lockhart,* 782 F.2d at 1282, *Marler,* 777 F.2d at 1010, *Murray,* 736 F.2d at 282, *Cockrell,* 720 F.2d at 1427, and *Buckelew* , 575 F.2d at 521. Thus, "[a] prisoner's bald conclusory assertion that [favorable] witnesses were not called does not serve to

'overcome the strong presumption that his counsel's actions were reasonable.'" *Sayre,* 238 F.3d at 636 citing *Marler,* 777 F.2d at 1010.

Moreover, to demonstrate the requisite *Strickland* prejudice, the petitioner must show not only that the witness' testimony would have been favorable, but also that the witness was available and willing to testify. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981).

In his Motion, Basaldua cites two unnamed government witnesses who will allegedly provide favorable testimony on this issue; in his Motion to Vacate he cites three such witnesses – Man Tran, Melissa Maturin and defense counsel Randal McCann. [*See* rec. doc. 468, pg. 5].  However, Basaldua provides only a single affidavit in support of the missing witnesses' testimony.  Under the above cited jurisprudence, it appears clear that Basaldua's mere speculation with respect to the alleged testimony of Melissa Maturin and defense counsel Randal McCann is insufficient to justify *habeas corpus* relief.

Furthermore, the affidavit of Man Tran is not persuasive.  Tran merely states his subjective belief that he was not threatened by Balsaldua.  However, as noted by the Fifth Circuit on direct appeal, under *United States v. Searcy*, 316 F.3d 550, 552-553 (5th Cir. 2002), the subjective perception of the recipient of a message need not be considered in determining whether a threat has been made. [*See* rec. doc. 427, pg. 4, *United States v. Basaldua*, No. 09-30415 (5th Cir. 5/13/2010)].

Finally, to the extent that Basaldua requests copies of the transcripts "to identify all available claims", such a request is clearly improper. A § 2255 movant is not entitled to conduct a "fishing expedition" to locate possible errors. *Watson*, 61 Fed. Appx. at 919, *1 citing Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir.1982); *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) ("Carvajal cannot now conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255."); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error."). Accordingly;

**IT IS ORDERED** that the instant Motion for Transcripts [rec. doc. 466] is **denied**.

Signed in chambers in Lafayette, Louisiana on this 14th day of June, 2011.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE